**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNION OF CONCERNED SCIENTISTS, and ENVIRONMENTAL DEFENSE FUND<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL SCIENCE FOUNDATION, and OFFICE OF MANAGEMENT AND BUDGET<br><br>*Defendants*. | Civil Action No. 1:26-cv-03170-CKK |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER COMPLAINT**

Plaintiffs Union of Concerned Scientists and Environmental Defense Fund submit this response in opposition to Defendants' Motion for an Extension of Time to Answer Complaint, ECF No. 23, at the request of the Court. Plaintiffs have a strong interest in this case moving expeditiously and Defendants' complying with their production obligations under the Freedom of Information Act (FOIA) on this matter of pressing public concern.

Plaintiffs' FOIA requests concern Defendants' efforts to dismantle the National Center for Atmospheric Research (NCAR), the nation's premier atmospheric research institution. As set forth in the complaint, in December 2025, OMB Director Russell Vought announced that the National Science Foundation (NSF) would be "breaking up" NCAR, calling it "one of the largest sources of climate alarmism in the country" and stating that efforts to dissolve it "will begin immediately." Compl. ¶ 3. The next day, NSF announced that it would "restructure critical weather science infrastructure." *Id.* In January 2026, NSF released a "Dear Colleague Letter" seeking public comment on how to go about breaking apart NCAR. *Id.* ¶ 17. In February and

March 2026, Plaintiff Union of Concerned Scientists (UCS) submitted FOIA requests to NSF regarding these actions, and in March 2026, Plaintiff Environmental Defense Fund (EDF) submitted FOIA requests to NSF and OMB.

Defendants have entirely ignored their obligations under FOIA to respond to these requests. Defendants have had more than seven months to address Plaintiffs' FOIA requests, and yet they have not produced a single record to this point in response to any of the four requests. Plaintiffs have received no updates on Defendants' processing of FOIA requests—much less a production timeline.

Further delay in Defendants' timely responses and production would prejudice Plaintiffs, who are organizations that will be significantly impacted by any dismantling of NCAR, and timely production is broadly in the public interest as well. NCAR is a "critical, integrated hub for atmospheric and Earth system science that cannot be replicated by any other single entity" that supports public agencies, the private sector, and scientific researchers in the United and internationally. Compl. ¶ 2. Administration statements indicating significant changes are imminent regarding the management of NCAR and subject of its work have resulted in widespread concern from the scientific community, including Plaintiffs, members of Congress, and other concerned stakeholders. *E.g.*, Compl. ¶ 19.[1] Materials requested in Plaintiffs' FOIA requests have garnered significant public interest, such as the responses to NSF's January 23, 2026, Dear Colleague Letter, which Defendants have not made public. Moreover, in separate litigation regarding Defendants' actions, the government recently stated its intent to "issue a new [Dear Colleague Letter] that will expressly state that it supersedes the January 23, 2026 [Dear

---

[1] Carlos Martinez, What Americans Lose If Their National Center for Atmospheric Research Is Dismantled, Eos, (Jan. 2026), https://doi.org/10.1029/2026EO260041; Letter from Congress Members to NSF Acting Director (Mar. 13, 2026), https://www.bennet.senate.gov/wp-content/uploads/2026/03/3.13.26-ncar-nsf-letter-final.pdf.

Colleague Letter].” *Univ. Corp. for Atmospheric Rsch. v. Nat’l Sci. Found.*, No. 1:26-cv-1061 (D. Colo. Sept. 24, 2026), ECF No. 57 at 12. The records sought in this action thus are time sensitive and relevant to fast-moving events at NSF and a 30-day delay in the answer deadline is not justified.

Indeed, in support of the request for a thirty-day extension, Defendants cite only that counsel were recently assigned to the case. Congress chose to impose a shorter deadline to answer FOIA complaints than the sixty days otherwise afforded the government under the Federal Rules of Civil Procedure. *Compare* 5 U.S.C. § 552(a)(4)(C), *with* F.R.C.P. 12(a)(2). It did so with full knowledge of the staffing and prioritization challenges that agencies regularly confront and nevertheless determined that more expeditious response to complaints of this type was warranted. *Cf. Jud. Watch, Inc. v. U.S. Dep’t of Homeland Sec.*, 895 F.3d 770, 775–76 (D.C. Cir. 2018) (Pillard, C.J., concurring) (noting that FOIA does not allow extensions based on “predictable agency workload”). If staff assignment regularly constitutes good cause to support a sixty-day deadline despite the thirty-day statutory requirement, it circumvents the choice Congress made in establishing a shorter deadline. *Id.* at 775-76 (“Congress underscored the importance it attached to prompt responses by allowing judicial recourse, bypassing administrative exhaustion, if an agency fails to meet statutory [FOIA] timetables ....”).

When approached last week regarding the request for extension, Plaintiffs offered to consent to the proposed answer extension should Defendants be willing to agree to filing a joint status report within fifteen days of the answer. This would have addressed counsel’s concerns with filing a timely answer while also addressing Plaintiffs’ concerns that the case move expeditiously towards required production of requested documents. Counsel rejected that offer

and stated Defendants would not offer anything in exchange for Plaintiffs' position on this motion.

For the foregoing reasons, Plaintiffs opposed the motion.

DATED: October 13, 2026

Respectfully submitted,

*/s/ Hana V. Vizcarra*

Hana V. Vizcarra (D.C. Bar No. 1011750)
EARTHJUSTICE
1250 I Street NW, 4th Floor
Washington, D.C. 20005
(202) 667-4500
hvizcarra@earthjustice.org

Ameya Gehi*
EARTHJUSTICE
1125 17th Street, Suite 1010
Denver, CO 80202
(303) 996-9614
agehi@earthjustice.org
**Pro hac vice*

Nicholas Loh*
EARTHJUSTICE
48 Wall Street, 15th Floor
New York, NY 10005
(212) 845-7376
nloh@earthjustice.org
**Pro hac vice*

*Counsel for Union of Concerned Scientists*

Daniel F. Jacobson (DC Bar 1016621)
Brian Rosen-Shaud (DC Bar 90042065)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave, Suite 301
Washington, DC 20016

(301) 823-1148
dan@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com

Erin Murphy (Bar ID D00532)*
ENVIRONMENTAL DEFENSE FUND
555 12th St NW, Suite 400
Washington, D.C. 20004
(202) 572-3525
emurphy@edf.org
*Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)

*Counsel for Environmental Defense Fund*