UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNION OF CONCERNED SCIENTISTS, et al.

Plaintiffs,

v.

U.S. NATIONAL SCIENCE FOUNDATION, et al.

Defendants.

Civil Action No. 26-cv-3170 (CKK)

**ANSWER**

Defendants U.S. National Science Foundation ("NSF") and U.S. Office of Management and Budget ("OMB"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiffs Union of Concerned Scientists ("UCS") and Environmental Defense Fund ("EDF"), under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials in this response. However, Defendants' references are not intended to be, and should not be construed as an admission that the cited materials are correctly cited or quoted by Plaintiffs; relevant to this, or any other, action; or admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in corresponding, numbered paragraphs as follows:

## INTRODUCTION[1]

1. Paragraph 1 contains Plaintiffs' characterization of this action, to which no response is required.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendants respectfully refer the Court to the statements in question for a complete and accurate statement of their contents, and deny any inconsistent allegations in this paragraph.

4. Defendant NSF admits that Plaintiff UCS submitted two requests for records to NSF pursuant to FOIA in February and March 2026 and that Plaintiff EDF submitted a FOIA request to NSF on March 30, 2026. Defendant OMB admits that EDF submitted a FOIA request on March 30, 2026. Defendants aver that the requests are the best evidence of their contents, respectfully refer the Court to the requests for a complete and accurate statement of their contents, and deny any inconsistent allegations in this paragraph.

5. The allegations in the first sentence of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that, as of the date of the Complaint, they have not produced records pursuant to the Plaintiffs' FOIA requests. The allegations in the second sentence of this paragraph contain Plaintiffs' characterization of this matter to which no response is required.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

## JURISDICTION AND VENUE

6. This paragraph consists of Plaintiff's legal conclusion regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants only admit that this Court has jurisdiction subject to the terms and limitations of FOIA and pursuant to 28 U.S.C. § 1331.

7. This paragraph consists of Plaintiffs' legal conclusion regarding venue, to which no response is required.

8. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Defendant NSF admits that it is an "agency" for the purposes of FOIA and denies the remaining allegations of this paragraph.

12. Defendant OMB admits that it is an "agency" subject to FOIA and denies the remaining allegations of this paragraph.

## STATEMENT OF FACTS

### A. NCAR's Significant Role in Earth Systems Research; Actions of the Current Administration to Dismantle NCAR and Eliminate Its Climate Research Functions

13. This paragraph contains the Plaintiffs' characterizations to which no response is required.

14. This paragraph contains the Plaintiffs' characterizations to which no response is required.

15. The allegations in this paragraph contain characterizations of social media posts and newspaper articles, and Defendants respectfully refer the court to these sources for complete and accurate statements of their contents and deny any allegations inconsistent therewith.

16. This paragraph contains Plaintiffs' characterization of public statement by Defendant NSF. Defendant NSF respectfully refers the Court to the statement in question for a complete and accurate statement of their contents and denies any inconsistent allegations in this paragraph.

17. This paragraph contains Plaintiffs' characterization of a Dear Colleague Letter published by NSF. Defendant NSF avers that the Letter is the best evidence of its contents, respectfully refers the Court to the Letter for a complete and accurate statement of its contents, and denies any inconsistent allegations in this paragraph.

18. Defendant NSF admits that it accepted public comment on the Dear Colleague Letter through March 13, 2026. Defendant NSF denies that it has not made these responses public.

19. This paragraph consists of Plaintiffs' characterization of a press release from a Member of Congress. Defendants avers that the press release is the best evidence of its contents, respectfully refers the Court to the press release for a complete and accurate statement of its contents, and denies any inconsistent allegations in this paragraph.

**B. UCS Agreements Request (Request No. 2026-FOI-00152)**

20. Defendant NSF admits that it received a FOIA request from Plaintiff UCS on February 27, 2026. Defendant NSF avers that the request is the best evidence of its contents,

respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any inconsistent allegations in this paragraph.

21. Defendant NSF admits that it responded to Plaintiff UCS's request on March 4, 2026. Defendant NSF avers that it initially acknowledged the request and assigned the tracking number 2026-NSF-00152 on February 27, 2026. The remainder of this paragraph consists of Plaintiffs' characterization of NSF's March 4 letter, to which no response is required. Defendant NSF respectfully refers the Court to the letter for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

22. Defendant NSF admits that on March 6, 2026, it received a response from Plaintiff UCS. The remainder of this paragraph consists of Plaintiffs' characterization of its March 6 response, to which no response is required. Defendant NSF respectfully refers the Court to the response for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

23. Defendant NSF admits that it sent an email to UCS on August 11, 2026. The remainder of this paragraph consists of Plaintiffs' characterization of NSF's August 11 email, to which no response is required. Defendant NSF respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

24. Defendant NSF admits that it has not had further communication with Plaintiff UCS regarding FOIA request 2026-FOI-00152.

25. Defendant NSF admits that it has not produced any records in response to Plaintiff UCS's FOIA request and has not provided a date by which it expects to complete processing. Defendant NSF denies the remaining allegations in this paragraph.

26. Defendant NSF admits that, as of the date of the Complaint, Defendant NSF has not provided a final response to Plaintiff UCS's request.

**C. UCS Request for Dear Colleague Responses and NSF NCAR Communications (Request No. 2026-FOI-00170)**

27. Defendant NSF admits that it received a FOIA request from Plaintiff UCS on March 16, 2026. Defendant NSF avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any inconsistent allegations in this paragraph.

28. Defendant NSF admits that it acknowledged Plaintiff UCS's request on March 17, 2026, and assigned the tracking number 2026-NSF-00170. Defendant NSF respectfully refers the Court to the acknowledgment for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

29. This paragraph consists of Plaintiffs' characterization of NSF's March 27, 2026 clarification letter. Defendant NSF respectfully refers the Court to the letter for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

30. Defendant NSF admits that Plaintiff UCS responded to its letter on March 27, 2026. Defendant NSF respectfully refers the Court to the response for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

31. Defendant NSF admits that it sent an email to UCS on August 19, 2026. The remainder of this paragraph consists of Plaintiffs' characterization of NSF's August 19 communication, to which no response is required. Defendant NSF respectfully refers the Court to the communication for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

32. Defendant NSF admits that Plaintiff UCS responded to NSF's email on August 25, 2026. Defendant NSF respectfully refers the Court to the response for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

33. Defendant NSF denies the allegation in this paragraph, and avers that sent an acknowledgement of Plaintiff UCS's August 25, 2026 email on September 11, 2026.

34. Defendant NSF admits that it has not produced any records in response to Plaintiff UCS's FOIA request and has not provided a date by which it expects to complete processing. Defendant NSF denies the remaining allegations in this paragraph.

35. Defendant NSF admits that, as of the date of the Complaint, Defendant NSF has not provided a final response to Plaintiff UCS's request.

**D. EDF's FOIA Request to NSF Seeking Records Regarding the Decision to Dismantle or Restructure NCAR (Request No. 2026-FOI-00192)**

36. Defendant NSF admits that it received a FOIA request from Plaintiff EDF on March 30, 2026. Defendant NSF avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any inconsistent allegations in this paragraph.

37. Defendant NSF admits that Plaintiff EDF sought expedited processing. The request for expedited processing was contained in the March 30 FOIA request, which is the best evidence of its contents. Defendant NSF respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

38. Defendant NSF admits that Plaintiff EDF requested a fee waiver. The request for a fee waiver was contained in the March 30 FOIA request, which is the best evidence of its contents. Defendant NSF respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

39. Defendant NSF admits that it acknowledged Plaintiff EDF's request on April 3, 2026, and assigned the tracking number 2026-NSF-00192. Defendant NSF respectfully refers the Court to the acknowledgment for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

40. Defendant NSF admits that it received emails from Plaintiff EDF regarding the pending request on April 3, April 16, May 18, and August 20, 2026. Defendant NSF respectfully refers the Court to these communications for a complete and accurate statement of their contents and denies any inconsistent allegations in this paragraph.

41. Defendant NSF admits that it sent a clarification letter to Plaintiff EDF on August 20, 2026. Defendant NSF respectfully refers the Court to the letter for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

42. Defendant NSF admits that it received a response from Plaintiff EDF on August 26, 2026. Defendant NSF respectfully refers the Court to the response for a complete and accurate statement of its contents and denies any inconsistent allegations in this paragraph.

43. Defendant NSF admits that it has not produced any records in response to Plaintiff EDF's FOIA request, has not provided a determination as to EDF's requests for expedited process or fee waiver, and has not provided a date by which it expects to complete processing.

44. Defendant NSF admits that, as of the date of the Complaint, Defendant NSF has not provided a final response to Plaintiff UCS's request or provided a response regarding expedited processing.

**E. EDF's FOIA Request to OMB Seeking Records Regarding the Decision to Dismantle or Restructure NCAR (Request No. 2026-493)**

45. Defendant OMB admits that Plaintiff EDF submitted a FOIA request on March 30, 2026, and OMB respectfully refers the court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

46. Defendant OMB admits that Plaintiff EDF sought expedited processing for this request, and OMB respectfully refers the court to the request itself for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

47. Defendant OMB admits that Plaintiff EDF sought public interest fee waivers for this request, and OMB respectfully refers the court to the request itself for a complete and accurate statements of its contents and denies any allegations inconsistent therewith.

48. Defendant OMB admits that it acknowledged receipt of Plaintiff EDF's request on March 31, 2026, and OMB respectfully refers the court to the acknowledgement itself for a complete and accurate statements of its contents and denies any allegations inconsistent therewith.

49. Defendant OMB admits that Plaintiff EDF sent emails dated April 16, May 18, and August 26, 2026, and OMB respectfully refers the court to the communications themselves for a complete and accurate statements of their contents and denies any allegations inconsistent therewith.

50. Defendant OMB admits that it sent an email to Plaintiff EDF on August 27, 2026, and OMB respectfully refers the court to the email itself for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

51. Defendant OMB admits that, as of the date of the Complaint, it had not yet issued a determination in response to Plaintiff EDF's request.

52. Defendant OMB admits that, as of the date of the Complaint, it had not yet issued a determination in response to Plaintiff EDF's request.

## CLAIMS FOR RELIEF

### COUNT I

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**National Science Foundation**

53. Defendants incorporate by reference all preceding paragraphs.

54. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant NSF denies the allegations in this paragraph.

55. Defendant NSF admits that it is an agency subject to the FOIA. The remainder of this paragraph consists of legal conclusions to which no response is required.

56. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant NSF denies the allegations in this paragraph.

57. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant NSF denies the allegations in this paragraph.

58. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant NSF denies the allegations in this paragraph.

59. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant NSF denies the allegations in this paragraph.

60. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant NSF denies that Plaintiffs are entitled to the relief requested.

### COUNT II

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**Office of Management and Budget**

61. Defendants incorporate by reference all preceding paragraphs.

62. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant OMB denies the allegations in this paragraph.

63. Defendant OMB admits that it is an agency subject to the FOIA. The remainder of this paragraph consists of legal conclusions to which no response is required.

64. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant OMB denies the allegations in this paragraph.

65. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant OMB denies the allegations in this paragraph.

66. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant OMB denies the allegations in this paragraph.

67. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant OMB denies the allegations in this paragraph.

**68.** This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant OMB denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

**PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants denies that Plaintiffs are entitled to the relief requested.

Pursuant to Rule 8(b)(3) Defendants denies all allegations in the complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants raise the following affirmative defenses. Defendants reserve the right to amend their answer to raise additional defenses should they become apparent as the litigation proceeds.

### FIRST DEFENSE

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by the FOIA.

### THIRD DEFENSE

One or more of the FOIA requests, or subparts thereto, are not valid requests because they do not reasonably describe the records sought and also are invalid to the extent they would be unduly burdensome to process. The requests, or subparts thereto, also are invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by the FOIA.

### FOURTH DEFENSE

Plaintiffs are not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### FIFTH DEFENSE

Plaintiffs are neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**SIXTH DEFENSE**

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**SEVENTH DEFENSE**

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

**EIGHTH DEFENSE**

Plaintiff is not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

Dated: October 19, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *<u>/s/ Michael E. Yohannan</u>*
MICHAEL E. YOHANNAN
PA Bar # 307575
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (202) 809-2054
Michael.Yohannan@usdoj.gov

*Attorneys for the United States of America*